**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ASKIA K. MUHAMMAD,** | ) | **CASE NO.  1:25-CV-02505** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | **ORDER ADOPTING MAGISTRATE** |
| **SECURITY,** | ) | **JUDGE'S REPORT AND** |
| | ) | **RECOMMENDATION** |
| **Defendant.** | ) | |

This matter comes before the Court upon the *Report and Recommendation* of United States Magistrate Judge James E. Grimes, Jr.  (ECF #12, *Report and Recommendation*).  The *Report and Recommendation*, issued on June 17, 2026, is hereby ADOPTED by this Court, without objection.

On October 24, 2022, Plaintiff/Claimant Askia K. Muhammad filed a *Complaint* in this Court (ECF #1) challenging the final decision of the Commissioner of the Social Security Administration, which decision denied his application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq.*  (ECF #6, *Transcript of Proceedings* ["*Tr.*"], pp. 17-39; PageID #75- #97).[1]  In his application, Plaintiff/Claimant asserted disability due to "metal in back," "ptsd"

---

[1] The record shows that Plaintiff/Claimant Muhammad filed his application for Supplemental Security Income on October 24, 2022, claiming a disability as of September 14,

(post-traumatic stress disorder), and "thoracic pain." (ECF #6, *Tr.*, p. 241; PageID# 299). The

Administrative Law Judge ("ALJ") determined that, while Plaintiff/Claimant Muhammad had a

number of severe impairments,[2] "the claimant does not have an impairment or combination of

impairments that meets or medically equals the severity of one of the listed impairments in 20

CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925[,] and 416.926)," (ECF #6,

*Tr.*, p. 22; PageID #80), and that "after careful consideration of the entire record, the

undersigned finds that the claimant has the residual functional capacity to perform light work as

defined in 20 CFR 416.967(b)," within certain specified limitations as set forth in the ALJ's

decision. (ECF #6, *Tr.*, p. 25; PageID #83).

In his appeal to this Court, Plaintiff/Claimant Muhammad raised the following question

in his "Statement of Legal Issues," as identified in his merits brief filed with this Court: "Did

the ALJ fail to properly reconcile mental limitations found generally persuasive, warranting

remand?" (ECF #9, *Plaintiff's Brief on the Merits*, p.1, PageID #805, *as reproduced at* ECF #6,

---

2008, as indicated by the *Transcript of Proceedings* before the Administrative Law Judge. (ECF #5, *Tr.*, p. 17; PageID #40). The "intake letter" from the Social Security Administration, acknowledging his filing, dated November 21, 2022, lists the date of the application as "November 21, 2022." (ECF #6, *Tr.*, p. 199; PageID #257). The application was denied initially and upon reconsideration, (ECF #6, *Tr.*, p. 70 [Item 19] & p. 80 [Item 19]; PageID #128 & #138), and Plaintiff/Claimant Muhammad thereafter requested a hearing before an Administrative Law Judge. (ECF #6, *Tr.*, p. 120; Page ID #178). On December 5, 2024, a hearing was held before the ALJ. (ECF #6, *Tr.*, pp. 40-59; PageID #98-#117). On January 23, 2025, the ALJ issued a written decision finding that Plaintiff/Claimant March was not disabled. (ECF #6, *Tr.*, pp. 17-39; PageID #75--#97). That decision became final on September 22, 2025, when the Appeals Council declined further review. (ECF #6, *Tr.*, pp. 1-3; PageID #59-#61).

[2]

Specifically, the ALJ's decision noted "[t]he claimant has the following severe impairments:  degenerative disk disease, gunshot would with fragments remaining in the bilateral shoulders and thoracic spine, right rotator cuff tear, obesity, anxiety, depression, and posttraumatic [*sic*] stress disorder (20 CFR 416.920(c))." (ECF #6, *Tr.*, p. 21; PageID #79).

*Report and Recommendation*, p. 2; PageID #833).

After a full review of the arguments presented, the applicable law, and the record before the Court, the Magistrate Judge to whom this matter was referred pursuant to N.D. Ohio L.R. 3.1 (*See* Non-Numbered Docket Entry accompanying ECF #1), Magistrate Judge James E. Grimes, Jr., found that Plaintiff/Claimant had not demonstrated that the ALJ had committed error when assessing Mr. Muhammad's residual functional capacity to perform light work within the conditions specified in the ALJ's decision, and therefore recommended to this Court that the Commissioner of Social Security's final decision, as reflected in the ALJ's ruling, be affirmed. (ECF #12, *Report and Recommendation*, p. 21; PageID #852).

Plaintiff/Claimant Muhammad has not since filed any objections to the Magistrate Judge's June 17, 2026 *Report and Recommendation*.

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report and recommendation. When objections are made to the magistrate judge's report and recommendation, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b)(3). When no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 Advisory Committee Notes (citations omitted). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") (on *certiorari* from the Sixth Circuit).

While not required to do so under the applicable standard governing review of a *Report*

-3-

*and Recommendation* to which no objection has been filed, this Court has independently reviewed the *Report and Recommendation*, and hereby ADOPTS the *Report and Recommendation* in its entirety.

The Commissioner's decision denying Plaintiff/Claimant Askia K. Muhammad's application for Supplemental Social Security Income is AFFIRMED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge


DATED: _____